UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DARNELL C. RILEY, ) | C/A No. 4:19-3532-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| BRYAN KOON, SHERIFF AND KEVIN JONES, ) | |
| MAJOR, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed a motion to compel asserting that the Defendants did not fully respond to his "Second Set of Requests for Production." (ECF No. 61). Defendants filed a response asserting that they had forwarded the responses to the discovery to Plaintiff and attached a copy of the letter and responses to the Plaintiff dated December 21, 2020. Therefore, the court found the motion moot.(ECF No. 68). On January 11, 2021, Plaintiff filed "Plaintiff's renewed request for an order to compel production and inspection, in response to Defendant's failure to fully comply. . ." (ECF No. 70). Plaintiff also filed a motion to set aside the previous text order mooting out his motion to compel. (ECF No. 71). Defendants filed a response to the motion to compel and a response in opposition to the motion to set aside the previous order. (ECF Nos. 72 and 73).

Plaintiff's motion to reconsider (ECF No. 71) is granted, and the court will

address the motion to compel. (ECF No. 61). Plaintiff asserts that Defendants did not fully respond to his requests for production. These second requests as set forth in the motion to compel, (ECF No. 61) and Defendants' responses to the motion ( ECF No. 72) are set out below.

> Request 1: A copy of any and all communications had through Lexington County Detention Center (LCDC) Electronic format kiosk in having submitted request to LCDC staff for information or response. Excluding here only those requests and communications submitted to and received by LCDC medical staff.
>
> Response: . . . Plaintiff alleges that Defendants' responses were deficient as the only grievances and requests that were produced were from the time frame of July 1, 2019, through March 2, 2020. Despite the remaining requests and grievances having no relevance whatsoever to his Complaint, counsel for Defendants has now produced all remaining requests and grievances that were filed by Plaintiff after he had already filed the Complaint that is the subject of this lawsuit. See, Exhibit "A". These documents consist of approximately seventy-three requests and four grievances and were produced to Plaintiff on today's date.

It appears that the Defendants have now fully responded to this request by providing all remaining requests to staff and grievances.[1] Therefore, this request to compel production is denied as moot.

---

[1] It is noted that Plaintiff has not made any additional filings since being served with additional discovery by the Defendants.

2

Request 2:   A copy of any and all communications had through LCDC electronic format kiosk and between plaintiff and his court appointed attorney, Kebra Simpson. Which in support of waiving any claim of privilege I point out "[t]he attorney-client privilege belongs to the client and may only be waived by him." . . . that being, so, I hereby waive any such claim of attorney-client privilege in this instance in requesting you produce said information.

Response:   Plaintiff also complains that Defendants did not provide him copies of his communications with his criminal defense attorney that were made via the kiosk system at the Lexington, County Detention Center. As stated in Defendants' responses to Plaintiff's second requests for production, Defendants are not in possession of any documents responsive to this request. ECF Docket Entry# 65-1, pg. 3. Defendants cannot see or review any of the messages between Plaintiff and his criminal defense attorney as they are encrypted due to attorney-client privilege. Put simply, Defendants cannot produce documents they do not have in their possession. Rather, Plaintiff should seek out these documents from his criminal defense attorney.

This court finds Defendants' response to be adequate and the motion to compel this request is denied.

Request 3:   A copy of any and all U.S. Postal Mail addressed to plaintiff at LCDC and uploaded to electronic format to be read through LCDC kiosk.

Response:   Likewise, Plaintiff complains that Defendants did not provide him with copies of the U.S. mail that were addressed to him and received electronically at the kiosks at the Lexington County Detention Center. As Plaintiff is well aware, all mail that is addressed to detainees at the Lexington County Detention Center is received at a local

3

> Smart Mail facility where the mail is scanned into their system and received by the inmates at kiosks inside of the detention center. . . Like the attorney-client privileged communications, Defendants cannot produce what is not in their possession.

This court finds Defendants' response to be adequate and the motion to compel this request is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to set aside the previous order and to reconsider the previous motion to compel (ECF No. 71) is granted. Further, Plaintiff's motion to compel and renewed motion to compel (ECF Nos. 61 and 70) are denied.

                                                                             s/Thomas E. Rogers, III

February 9, 2021                                     Thomas E. Rogers, III
Florence, South Carolina                 United States Magistrate Judge