IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darnell Curtis Riley a/k/a Darnell C. Riley, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Bryan Koon, *Sheriff*; and Kevin Jones, *Major*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 4:19-cv-03532-TMC<br><br>**ORDER** |

Plaintiff Darnell Curtis Riley ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1, 2, 9). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On January 29, 2021, Defendants filed a joint motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies before filing this action. (ECF No. 74). On March 22, 2021, Plaintiff filed a response in opposition to Defendants' motion (ECF No. 84), and Defendants filed a joint reply (ECF No. 85). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Defendants' motion for summary judgment. (ECF No. 86). Plaintiff filed objections to the Report, (ECF No. 93), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 86 at 1–4). Briefly, Plaintiff is currently detained at the Lexington County Detention Center ("LCDC"). *See* (ECF Nos. 1 at 2; 1-2). Plaintiff alleges

that any mail address to an inmate at LCDC "must be received at a[] [Smart Communications] off-site facility, scanned into an electronic format, then delivered through kiosk to the [LCDC], without there being any publicly accessible policy to guid[e] and inform me of rights[] and protections I may have in compulsory use of service in order that I may receive mail." (ECF No. 1 at 5). Plaintiff further alleges that it is "unclear at which Smart Communications mails processing center location LCDC inmate mail is, in fact, being received and by whom scanned into electronic format, and then delivered through kiosk to LCDC." *Id*. at 6. Plaintiff, therefore, alleges that LCDC's contract with Smart Communications to process inmate mail violated Plaintiff's constitutional rights. *See generally id*. For relief, Plaintiff seeks "a preliminary injunction enjoining the Defendants from further using Smart Communications to process regular inmate postal mail until an official decision is issued in this case[,]" and an "order that the term and conditions of postal mail processing agreement must be made available through kiosk posting." *Id*. at 9.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett*

3

*v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

### DISCUSSION

In his Report, the magistrate judge recommends that the court grant Defendants' motion for summary judgment and dismiss Plaintiff's action for failure to exhaust his administrative remedies. (ECF No. 86 at 11). The magistrate judge recognized that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "requires that a prisoner exhaust the available administrative remedies before filing a [§] 1983 action concerning conditions of his confinement." (ECF No. 86 at 7 (internal footnote omitted)). The magistrate judge also noted "[t]he United States Supreme Court has held that 'Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.'" *Id*. (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Thus, the magistrate judge concluded that "[a] failure to exhaust all levels of administrative review is not 'proper exhaustion' and will bar actions filed by inmates under any federal law, including § 1983." *Id*. at 8 (citing *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2386 (2006)).

Having discussed the proper standard for exhaustion, the magistrate judge set forth the administrative grievance process for LCDC as well as Plaintiff's grievance history during his time at LCDC, based on the uncontroverted affidavit of Jeremy Vetter, an administrative lieutenant for LCDC, which Defendants attached to their motion for summary judgment. *Id*. at 4–7 (citing ECF No. 74-5). Specifically, the magistrate judge detailed all seven grievances Plaintiff had filed as of March 1, 2020, "none of which ra[i]sed the allegations raised in the complaint." *Id*. at 6. The magistrate judge then considered Plaintiff's response in opposition to summary judgment in which

4

Plaintiff asserts that he exhausted all administrative remedies with respect to his claims. *Id*. at 8–9. Additionally, the magistrate judge considered the documents Plaintiff submitted in support of his response:

> Attached to Plaintiff's response was a copy of the Postal Mail Acknowledgement explaining that all inmate postal mail must be sent to the address provided, C/o Smart Communications-Lexington County Detention Center, 7001 St. Andrews Road, Columbia, SC 29212; a copy of a commissary request for a copy of Plaintif's [sic] W-2; a copy of a Grievance form in regards to faith based meals; a copy of [V]etter's affidavit provided by Defendants; and . . . a copy of an Inmate Request Form for the LCDC dated October 14, 2019, requesting information outlining the business operations protocol with regard to the Smart Mail Communications service. The request was responded to on October 21, 2019, and Plaintiff was told to let them know if he had any other questions. However, it is noted on the Inmate Request Form that it is not used to submit a grievance.

*Id*. at 8–9 (citing ECF No. 84-1) (internal citations omitted).

Thus, having considered all the evidence presented by the parties, the magistrate judge found that "Plaintiff did not submit any grievance forms in relation to the allegations raised in this complaint with his response." *Id*. at 9. Accordingly, the magistrate judge concluded that "Plaintiff has not provided any evidence to show that he filed a grievance and appealed any response with respect to any of his claims raised in this action[,]" *id*. at 9, and recommended that summary judgment be granted for Defendants, *id*. at 11.

Plaintiff raises only two objections to the Report. *See* (ECF No. 93). First, Plaintiff appears to argue that the magistrate judge applied the wrong standard of review to Defendants' motion for summary judgment by failing "to view any permissible inferences and ambiguities to be drawn from the underlying facts in the light most favorable to the non-moving party." *Id*. at 2 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).[1] In *Diebold*, the United States Supreme

---

[1] The court notes that Plaintiff incorrectly cites *Diebold* as "398 U.S. 654".

Court did hold that, "[o]n summary judgment[,] the inferences to be drawn from the underlying facts contained in [the affidavits, attached exhibits, and depositions submitted] must be viewed in the light most favorable to the party opposing the motion."  369 U.S. at 655.  However, as the magistrate judge correctly found, Plaintiff has submitted no evidence, beyond his own self-serving allegations, that he filed any grievance with LCDC regarding the use of Smart Communications to process inmate mail or any other claims raised in his Complaint.  *See* (ECF No. 86 at 9).  Consequently, there is no evidence from which any inference could be drawn in Plaintiff's favor.  Moreover, the magistrate judge properly noted that "Plaintiff's conclusory response to the motion for summary judgment [asserting that he did exhaust all administrative remedies] is insufficient to avoid summary judgment."  *Id*. at 10; *see also, e.g.*, *Malik v. Sligh*, Civ. A. No. 5:11-cv-01064-RBH, 2012 WL 3834850, at *5 (D.S.C. Sept. 4, 2012), *aff'd*, 507 Fed. App'x 294 (4th Cir. 2013) ("Plaintiff's self-serving contention that he submitted some Step 2 Grievance . . ., especially in light of the uncontested evidence in the record to the contrary, is simply not enough to create a genuine dispute as to any material fact.").  Therefore, the court finds that the magistrate judge applied the proper standard of review to Defendants' motion and overrules Plaintiff's first objection.

In his second objection, Plaintiff argues the magistrate judge erred in concluding Plaintiff failed to exhaust his administrative remedies because he filed grievances on July 18, 2019, August 15, 2019, and September 18, 2019.  *See* (ECF No. 93 at 2–3).  As to the September 18, 2019 grievance, the magistrate judge discussed this in his Report and correctly found that such grievance was unrelated to Plaintiff's claims because it concerned faith-based meals.  *See* (ECF Nos. 86 at 8); *see also* (ECF No. 84-1 at 3 (grievance form dated Sept. 18, 2019 attached to Plaintiff's response)).  With respect to the other two grievances Plaintiff claims to have submitted in July and

August 2019, there is no evidence in the record that any such grievances were ever filed. Plaintiff's "unsworn, self-serving, conclusory statements in opposition to the [Defendants'] evidence in insufficient to stave off summary judgment." *Hawkins v. Sheppard Pratt Hosp.*, 32 Fed. App'x 44, 45 (4th Cir. 2002) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989)). Thus, there is no evidence in the record from which the magistrate judge could conclude that Plaintiff filed any grievance related to the claims alleged in his Complaint, let alone exhausted the available administrative procedures to resolve such claims. Accordingly, Plaintiff's second objection is also meritless and is overruled.

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court agrees with the magistrate judge's conclusion that Plaintiff failed to exhaust his administrative remedies before filing suit. (ECF No. 86 at 11). Thus, the court finds no reason to deviate from the Report's recommended disposition. The court **ADOPTS** the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, Defendants' motion for summary judgment (ECF No. 74) is **GRANTED**.

  **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
May 6, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.